UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                                  :      Chapter 7
                                                                        :
Jonathan Bossone,                                                       :      Case No. 23-74118-ast
                                                                        :
                                        Debtor.                         :
---------------------------------------------------------------- x
NY TEAM Federal Credit Union,                                           :
                                                                        :      Adv. Pro. No. 24-08003-ast
                                        Plaintiff,                      :
                          v.                                            :
                                                                        :
Jonathan Bossone,                                                       :
                                                                        :
                                        Defendant.                      :
---------------------------------------------------------------- x

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

### I.     PROCEDURAL HISTORY

#### A.  Bankruptcy Case

On November 3, 2023, Jonathan Bossone ("Defendant") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code under Case No. 23-74118-ast (the "Bankruptcy Case").

On his Schedule E/F, Defendant listed NY TEAM Federal Credit Union ("Plaintiff") as an unsecured creditor with a claim in the amount of $11,378.00.  Schedule E/F, Bankruptcy Case, Dkt. No. 1.

#### B.  Adversary Proceeding

On January 3, 2024, Plaintiff commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Defendant by filing the complaint.  Compl., Adversary Proceeding, Dkt. No. 1.  Plaintiff alleges that it is entitled to a judgment in its favor against Defendant that debts owed to it are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), and that Plaintiff is entitled to attorneys' fees and costs.  *See id.*

According to the Certificate of Serviced, Plaintiff served Defendant with a copy of the summons and complaint on January 6, 2024 by first class mail.  Cert. of Service, Adversary Proceeding, Dkt. No. 4.  Defendant's bankruptcy counsel in the Bankruptcy Case, Jacoby & Jacoby ("Bankruptcy Case Counsel"), was also served a copy of the summons and complaint by first class mail.  *Id.*

An answer or responsive pleading to the complaint was due by February 5, as required by Rules 8 and 12 of the Federal Rules of Civil Procedure (the "Federal Rules").

Defendant did not file an answer or otherwise respond to the complaint by February 5.

On March 29, the Court issued an Order to Show Cause For Failure to Prosecute (the "OSC"), directing Plaintiff to show cause why the Adversary Proceeding should not be dismissed for failure of Plaintiff to prosecute.  OSC, Adversary Proceeding, Dkt. No. 5.

On May 6, Plaintiff filed a motion seeking entry of a judgment by default in favor of Plaintiff against Defendant on its first, second and third causes of action in the total amount of $18,485.26 pursuant to Federal Rule 55, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Default Motion" and the "Bankruptcy Rules").  Default Mot., Adversary Proceeding, Dkt. No. 7.

Defendant's deadline to respond to or otherwise object to the Default Motion was May 27.

On May 31, Defendant, through counsel, filed an answer to the complaint, as well as an affirmation in opposition (the "Opposition") to the Default Motion.  Ans., Adversary Proceeding, Dkt. No. 11; Aff. in Opp., Adversary Proceeding, Dkt. No. 12.

Plaintiff filed a letter on June 12, 2024, asking the Court to disregard the opposition and answer filed on behalf of Defendant.  Letter, Adversary Proceeding, Dkt. No. 13.

II.     **LEGAL STANDARD**

Federal Rule 55(b)(2) provides that the Court may enter a default judgement when parties timely fail to plead or otherwise move to defend a lawsuit. FED. R. CIV. P. 55(b)(2). Courts do not favor entry of a default judgment because it is a "harsh and drastic remedy." *Carlton v. Pollack (In re Carlton)*, 72 B.R. 543, 547 (Bankr. E.D.N.Y. 1987). Courts prefer to decide cases on their merits. *Id.*; *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("Courts ha[ve] held that strong public policy favors resolving disputes on their merits and that although courts have an interest in expediting litigation, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct.") (internal quotations omitted). Thus, "[a]s a general rule, the entry of a default judgment is discretionary with the judge." *Carlton*, 72 B.R. at 547.

Because default judgments are generally disfavored, they are reserved for rare occasions. *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 96 (2d Cir. 1993). Federal Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c). "Good cause" and the criteria of the Federal Rule 60(b) set aside should be construed generously. *Enron Oil Corp.*, 10 F.3d at 96; *see also Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981). Absent a clear pattern of delay and contumacious conduct by the defaulting party, courts will generally not grant a default judgment. *Carlton*, 72 B.R. at 547.

III.    **ANALYSIS**

The issue here is whether a default judgment should be entered against Defendant who filed a late answer to the complaint. This Court has determined that default should not be entered.

The Default Motion was filed three months after Defendant's deadline to respond to the complaint expired and only after the Court issued its OSC against Plaintiff. The Default Motion

was opposed by Defendant just four days after the objection deadline of May 31.  In Opposition,

Defendant's counsel explained that Defendant, an "unsophisticated" litigant, was "confused as he

had received in the mail an Order to Show cause for failure to prosecute" in March 2024 and was

also experiencing "some communication issues" with his Bankruptcy Case Counsel.  Opp. ¶¶ 4, 5,

Adversary Proceeding, Dkt. No. 12.  On May 31, Defendant filed an answer to the complaint.

Plaintiff requests that this Court enter a judgment by default notwithstanding the late filed

objection and answer because Plaintiff contacted Defendant's Bankruptcy Case Counsel "on

numerous occasions advising them that an answer had not been filed in this action and they were

in default."  Letter, Adversary Proceeding, Dkt. No. 13.  The last time that Plaintiff contacted

Defendant's Bankruptcy Case Counsel was April 1 after the Court issued the OSC against Plaintiff.

The Court recognizes that even though Defendant has been represented by Bankruptcy

Case Counsel in the Bankruptcy Case, for purposes of the Adversary Proceeding the Bankruptcy

Case Counsel was not listed as the attorney of record for Defendant and there was no indication

that Defendant had retained Bankruptcy Case Counsel or separate counsel to represent him in the

Adversary Proceeding until the filing of the answer and Opposition on May 31, 2024 by Richard

F Artura.  The Court is cognizant of special deference which is given to *pro se* litigants and the

discretion that is granted to this Court to decide the Default Motion.  *Addison v. Reitman Blacktop,*

*Inc.*, 272 F.R.D. 72, 79 (E.D.N.Y. 2010) ("[T]he Court bears in mind the general rule that where a

defendant is proceeding *pro se*, he should be afforded 'extra leeway in meeting the procedural

rules governing litigation and trial judges must make some effort to protect a party so appearing

from waiving a right to be heard because of his or her lack of legal knowledge.'") (citing *Enron*

*Oil Corp.*, 10 F.3d at 96); *Rupert v. Krautheimer (In re Krautheimer)*, 210 B.R. 37, 44 (Bankr.

S.D.N.Y. 1997); *see also McKeon Law Grp. V. Brainard (In re Brainard)*, No. 13-22251 (AMN),

4

Adv. Pro. No. 19-2012 (AMN), 2022 WL 3363791, at *8 (Bankr. D. Conn. Aug. 12, 2022) (citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)).

While it is true that Defendant's answer to the complaint was filed almost four months late, there is no evidence before the Court which suggests that such delay was done in bad faith or that the delay arose from egregious or deliberate conduct. The Court finds that Defendant has a credible excuse for the delay in responding to the complaint in this Adversary Proceeding and no default should be entered against Defendant.

Moreover, Plaintiff has not met the burden of demonstrating such prejudice that entry of a default is now necessary. In fact, Plaintiff does not address any concerns of prejudice whatsoever. "A plaintiff may demonstrate prejudice by showing that his 'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Addison*, 272 F.R.D. at 82. The Second Circuit has held that delay alone is not a sufficient basis for establishing prejudice. *Enron Oil Corp.*, 10 F.3d at 98. The Court is reluctant to find that Plaintiff is prejudiced by Defendant's four-month delay in answering the complaint, especially since Defendant was initially *pro se* in the Adversary Proceeding and Plaintiff was not inclined to expeditiously prosecute this matter from the outset. Both parties should be afforded the opportunity to conduct discovery as needed and present evidence to the Court in support of their claims and defenses regarding the Adversary Proceeding.

After due deliberation, the Court has determined that sufficient cause does not exist to grant the Default Motion.

Accordingly, it is hereby

**ORDERED**, that the Default Motion is denied.

Dated: July 12, 2024
      Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge